# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ALICIA ORTEGA CORTES, on behalf of herself and all other persons similarly situated, known and unknown, | )<br>)<br>)<br>) Case No.<br>) |
| Plaintiff, | ) Judge<br>) |
| v. | )<br>) |
| NORNAT MANAGEMENT SERVICES, INC., NORNAT, IV, INC., NORNAT VI, INC., and OSCAR PERRETTA, individually, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## COMPLAINT

Plaintiff Alicia Ortega Cortes ("Plaintiff"), through her attorneys, on behalf of herself and all other persons similarly-situated, known and unknown, for her Complaint against Nornat Management Services, Inc. ("Nornat"), Nornat, IV, Inc. ("Nornat IV"), Nornat VI, Inc. ("Nornat VI"), and Oscar Perretta, individually ("Perretta") (collectively "Defendants"), states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*, for Defendants' failure to pay overtime wages to Plaintiff and other similarly-situated persons.

2. During one or more individual work weeks during the prior three years, Plaintiff and other similarly-situated hourly employees worked for Defendants in excess of forty (40) hours per week but were not paid overtime at a rate of one and one-half times their regular rates of pay.

3. Plaintiff brings her FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiff's consent form to act as representative party plaintiff in this FLSA overtime

lawsuit is attached hereto as Exhibit A.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over Plaintiff's FLSA claim, arising under 29 U.S.C. § 216(b), pursuant to 28 U.S.C. § 1331.

5. This Court has supplemental jurisdiction over Plaintiff's IMWL claim pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this judicial district under 28 U.S.C. § 1391 because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

7. Plaintiff resides in and is domiciled in this judicial district.

8. Defendant Nornat is an Illinois corporation with its primary place of business in Lansing, IL.

9. Defendant Nornat is an "enterprise" as that term is defined in Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).

10. Defendant Nornat is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1)(A) of the FLSA. 29 U.S.C. § 203(s)(1)(A).

11. During the last three years, Defendant Nornat's annual gross volume of sales made or business done has exceeded $500,000.00, exclusive of excise taxes.

12. During the course of her employment with Defendant Nornat, Plaintiff handled goods, including perishable produce and other food products that moved in interstate commerce.

13. Defendant Nornat is Plaintiff's "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

14. Defendant Nornat is Plaintiff's "employer" as defined by the IMWL. 820 ILCS 105/3(c).

15. Plaintiff is Defendant Nornat's "employee" as that term is defined by the FLSA. 29 U.S.C. § 203(e)(1).

16. Plaintiff is Defendant Nornat's "employee" as defined by the IMWL. 820 ILCS 105/3(d).

17. Defendant Nornat IV is an Illinois corporation with its primary place of business in Markham, IL.

18. Defendant Nornat IV is an "enterprise" as that term is defined in Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).

19. Defendant Nornat IV is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1)(A) of the FLSA. 29 U.S.C. § 203(s)(1)(A).

20. During the last three years, Defendant Nornat IV's annual gross volume of sales made or business done has exceeded $500,000.00, exclusive of excise taxes.

21. During the course of her employment with Defendant Nornat IV, Plaintiff handled goods, including perishable produce and other food products that moved in interstate commerce.

22. Defendant Nornat IV is Plaintiff's "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

23. Defendant Nornat IV is Plaintiff's "employer" as defined by the IMWL. 820 ILCS 105/3(c).

24. Plaintiff is Defendant Nornat IV's "employee" as that term is defined by the FLSA. 29 U.S.C. § 203(e)(1).

25. Plaintiff is Defendant Nornat IV's "employee" as defined by the IMWL. 820 ILCS 105/3(d).

26. Defendant Nornat VI is an Illinois corporation with its primary place of business in Midlothian, IL.

27. Defendant Nornat VI is an "enterprise" as that term is defined in Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).

28. Defendant Nornat VI is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1)(A) of the FLSA. 29 U.S.C. § 203(s)(1)(A).

29. During the last three years, Defendant Nornat VI's annual gross volume of sales made or business done has exceeded $500,000.00, exclusive of excise taxes.

30. During the course of her employment with Defendant Nornat VI, Plaintiff handled goods, including perishable produce and other food products that moved in interstate commerce.

31. Defendant Nornat VI is Plaintiff's "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

32. Defendant Nornat VI is Plaintiff's "employer" as defined by the IMWL. 820 ILCS 105/3(c).

33. Plaintiff is Defendant Nornat VI's "employee" as that term is defined by the FLSA. 29 U.S.C. § 203(e)(1).

34. Plaintiff is Defendant Nornat VI's "employee" as defined by the IMWL. 820 ILCS 105/3(d).

35. Upon information and belief, Defendant Perretta resides in and is domiciled within this judicial district.

36. Defendant Perretta is an owner and an officer of Defendants Nornat, Nornat IV, and Nornat VI and is involved in the day to day business operations of Defendants Nornat, Nornat IV, and Nornat VI. During the prior three (3) years, Defendant Perretta hired and fired employees, directed and supervised the work of employees, signed on the corporation's checking accounts, and participated in decisions regarding employee compensation and capital expenditures.

37. Defendant Perretta is Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d).

38. Defendant Perretta is Plaintiff's "employer" as defined by the IMWL, 820 ILCS § 105/3(c).

39. Plaintiff is Defendant Perretta's "employee" as that term is defined by the FLSA, 29 U.S.C. § 203(e)(1).

40. Plaintiff is Defendant Perretta's "employee" as defined by the IMWL, 820 ILCS 105/3(d).

**BACKGROUND FACTS**

41. During the last three years, Defendants have operated multiple "McDonalds" franchise restaurants, including but not limited to, the following:

   a. McDonalds-Markham
      3010 W. 159th St.
      Markham, IL 60426

   b. McDonalds-Midlothian
      14601 S. Pulaski
      Midlothian, IL 60445

   c. McDonalds-Merrillville
      6093 Broadway
      Merrillville, IN 46410

      d. McDonalds-Calumet Park
         12700 S. Ashland
         Calumet Park, IL 60827

      e. McDonalds-Calumet City
         2004 Sibley Blvd.
         Calumet City, IL 60409

      f. McDonalds-Chicago
         9211 S. Commercial Ave.
         Chicago, IL 60617

      g. McDonalds-Calumet City
         656 River Oak Drive
         Calumet City, IL 60409

      h. McDonalds-Lansing
         17810 S. Torrence
         Lansing, IL 60438

      i. McDonalds-Harvey
         14702 Dixie Hwy
         Harvey, IL 60426

42. All the restaurants identified in paragraph 41 operate as a unified operation and a common enterprise, with a common business purpose.

43. From approximately 1996 to the present, Plaintiff has been employed by Defendants.

44. From approximately 1998 until the present, Plaintiff has been employed by Defendants on an hourly basis as a "swing manager."

45. During the last three years, other similarly-situated hourly employees worked for Defendants at one or more of their restaurant locations. For example, swing managers from one location were assigned to work at other locations when it was necessary to cover for swing managers who called off or if there was a shortage of swing managers.

46. Defendants are all commonly owned and operated by Defendant Perretta.

47. Defendants perform related activities in which they serve food to the public using the same menu, operate in the same or similar manner, and advertise collectively under the name "McDonalds".

48. Defendants have the same business purpose.

49. Defendants use the same vendors and suppliers.

50. The restaurants operated by Defendants share goods and supplies between locations.

51. At all times relevant hereto, Plaintiff and other similarly-situated hourly employees were not exempt from the overtime provisions of the FLSA and the IMWL.

52. In one or more weeks during the prior three (3) years, Plaintiff worked for one or more Defendants in excess of forty (40) hours per individual work week.

53. Plaintiff customarily works approximately seventy (70) to eighty (80) hours per week for Defendants. Plaintiff regularly works for Defendants Sunday through Saturday, often working twelve (12) hour shifts.

54. In one or more weeks during the prior three (3) years, Defendants did not pay Plaintiff overtime pay at a rate of one and one-half times her regular rate of pay when she worked more than forty (40) hours per work week.

55. In one or more weeks during the prior three (3) years, Defendants did not pay other hourly employees overtime pay at a rate of one and one-half times their regular rates of pay when they worked more than forty (40) hours per work week.

56. Instead, Plaintiff and other hourly employees were paid their straight time regular rates for all time worked for Defendants.

57. For example, in the two-week pay period ending December 9, 2015, Plaintiff

worked 148.97 hours. Defendants paid Plaintiff her regular rate for all time worked during this pay period. See Exhibit B, attached hereto.

58. In the two-week pay period ending November 7, 2017, Plaintiff worked 136.72 hours. Defendants paid Plaintiff her regular rate for all time worked during this pay period. See Exhibit C, attached hereto.

**COUNT I**
**Violation of the Fair Labor Standards Act – Overtime Wages**
**(Plaintiff on behalf of herself and other similarly situated employees)**

Plaintiff hereby realleges and incorporates the foregoing paragraphs of this Complaint, as if fully set forth herein.

59. This count arises from Defendants' willful violation of the FLSA, 29 U.S.C. § 201 *et seq.,* for their failure to pay Plaintiff and other similarly-situated hourly employees overtime wages at a rate of one and one-half times their regular rates of pay for all time worked over forty (40) hours during individual work weeks.

60. Pursuant to 29 U.S.C. § 207, Plaintiff was entitled to be compensated at a rate of one and one-half times her regular rate of pay for all time she worked in excess of forty (40) hours during individual work weeks.

61. In one or more work weeks during the last three (3) years, Defendants did not pay Plaintiff one and one-half times her regular rate for the time she worked over forty (40) hours in individual work weeks, and instead paid Plaintiff her straight time regular rate for all time worked.

62. Pursuant to 29 U.S.C. § 207, other similarly-situated hourly employees were entitled to be compensated at a rate of one and one-half times their regular rates of pay for all time worked in excess of forty (40) hours during individual work weeks.

63. In one or more work weeks during the last three (3) years, Defendants did not pay

similarly-situated hourly employees one and one-half times their regular rates of pay for all time worked over forty (40) hours in individual work weeks, and instead paid them at their straight time regular rates for all time worked.

64. Defendants violated the FLSA by failing to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours in one or more individual work weeks.

65. Defendants violated the FLSA by failing to pay similarly-situated hourly employees overtime wages for hours worked in excess of forty (40) hours in one or more individual work weeks.

66. As a direct and proximate result of Defendants' willful violation of the FLSA, Plaintiff and other similarly-situated hourly employees have suffered a loss of income and other damages. They are entitled to liquidated damages and attorneys' fees and costs incurred in pursing this claim.

WHEREFORE, Plaintiff and other similarly-situated employees pray for a judgment against Defendants as follows:

A. designation of this action as a collective action and prompt issuance of notice to similarly-situated employees pursuant to 29 U.S.C. § 216(b);

B. judgment in the amount of the overtime wages owed to Plaintiff and all other similarly-situated employees who join this lawsuit;

C. liquidated damages in an amount equal to the amount of unpaid overtime wages;

D. reasonable attorneys' fees and costs incurred in the filing and prosecution of this action; and

E. such other and further relief as this Court deems just and proper.

### COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages
### (Plaintiff individually)

Plaintiff hereby realleges and incorporates the foregoing paragraphs of this Complaint, as

if fully set forth herein.

67. This count arises from Defendants' violation of the IMWL, 820 ILCS 105/1 *et seq.*, for their failure to pay Plaintiff overtime pay at a rate of one and one-half times her regular rate of pay for all time worked in excess of forty (40) hours during individual work weeks.

68. During the prior three (3) years, Defendants required Plaintiff to work more than forty (40) hours in one or more individual work weeks.

69. During the prior three (3) years, Plaintiff was entitled to be paid one and one-half times her regular rate of pay for all time worked in excess of forty (40) hours in an individual work week.

70. Defendants did not pay Plaintiff overtime at one and one-half times her regular rate, and instead paid Plaintiff her straight time regular rate for all time worked over forty (40) hours during one or more individual work weeks.

71. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover overtime wages for up to three (3) years prior to the filing of this lawsuit, plus punitive damages in an amount of two percent (2%) per month of the amount of the underpayments.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. judgment in the amount of all overtime wages owed to Plaintiff under the IMWL;

B. punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. reasonable attorneys' fees and costs incurred in the filing and prosecution of this action as provided in 820 ILCS 105/12(a); and

D. such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: May 4, 2018　　　　　　　　　s/Douglas M. Werman
　　　　　　　　　　　　　　　　　　One of Plaintiff's Attorneys

Douglas M. Werman (dwerman@flsalaw.com)
Maureen A. Salas (msalas@flsalaw.com)
Sarah J. Arendt (sarendt@flsalaw.com)
Werman Salas, P.C.
77 West Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

Attorneys for Plaintiff